IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHNNY ORTIZ,

    Plaintiff,

v.                                                  No. CIV 13-1197 MV/SMV

SANDIA PUEBLO POLICE CHIEF
(UNKNOWN),
SANDIA PUEBLO POLICE OFFICER
(UNKNOWN),
SANDIA CASINO,
SANDIA CASINO SECURITY CHIEF,
(UNKNOWN),
SANDIA CASINO SECURITY OFFICER,
(UNKNOWN),
TOWING COMPANY,
(UNKNOWN),

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(1), (6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)

(quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff was stopped in his car by a Sandia Pueblo Police officer. A security officer from the Pueblo's casino then conducted a search of Plaintiff's car and seized certain contents from the trunk. The police officer arrested Plaintiff. A tow truck arrived and impounded Plaintiff's car. Plaintiff was never given an inventory list of the seized property, which allegedly included tools of his trade, and he was unable to retrieve any of the property. He asserts his claims under 42 U.S.C. § 1983 and New Mexico state constitutional provisions. The complaint seeks damages.

Plaintiff's federal claims must be dismissed for failure to allege one of the two elements of a claim under 42 U.S.C. § 1983. A complaint under § 1983 must allege facts demonstrating that the plaintiff's federal rights were violated and that the deprivation was caused by a person acting "under color of state law." *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). Here, Plaintiff alleges that his rights were violated by individuals acting under color of Indian tribal law. "A § 1983 action is unavailable 'for persons alleging deprivation of constitutional rights under color of tribal law.' " *Burrell v. Armijo*, 456 F.3d 1159, 1174 (10th Cir. 2006) (quoting *R.J. Williams Co. v. Ft. Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983); *see also Chavez v. Navajo Nation Tribal Courts*, 465 F. App'x 813, 813 (10th Cir. 2012) (same). Plaintiff also alleges that Defendant Towing Company's removal of his

car violated his constitutional rights.  Even if a violation occurred, "[i]t is clear that [Defendant Towing Company] was acting for the [Pueblo] when [it] initially towed the car."  *Weinrauch v. Park City*, 751 F.2d 357, 360 (10th Cir. 1984).  As a result, the towing company was not acting under color of state law.  *See Burrell v. Armijo*, 456 F.3d at 1174.  Plaintiff's claims under § 1983 must be dismissed.

In dismissing Plaintiff's federal claims for failure to allege that Defendants acted under color of state law, the Court is faced with certain inconsistencies in applicable Supreme Court and Tenth Circuit case law.  The issue is whether to dismiss federal claims without prejudice for lack of subject matter jurisdiction or, alternatively, with prejudice for failure to state a claim for relief. *Compare Lay v. Otto*, 530 F. App'x 800, 802-03 (10th Cir. 2013) ("[Plaintiff] has not alleged facts showing that Defendants acted under color of state law.  This element is 'a jurisdictional requisite for a § 1983 action.' . . .  Accordingly, we must remand the case with directions to the district court to dismiss [Plaintiff]'s lawsuit 'without prejudice' for lack of subject-matter jurisdiction.") (quoting *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)), *with Mehdipour v. Matthews*, 386 F. App'x 775, 777 n. 3 (10th Cir. 2010) ("If, however, jurisdiction is alleged under 28 U.S.C. § 1331, the failure to properly allege a 'state action' warrants dismissal pursuant to Fed. R. Civ. P. 12(b)(6), rather than pursuant to Fed. R. Civ. P. 12(b)(1).") (citing, *inter alia*, *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law.")).

Under *Lay v. Otto*, 530 F. App'x at 803, *supra*, the Court will dismiss Plaintiff's federal claims without prejudice under rule 12(b)(1) for lack of subject matter jurisdiction.  Alternatively, because Plaintiff's complaint clearly asserts jurisdiction under 28 U.S.C. § 1331, *see Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) ("The district court had jurisdiction under 28 U.S.C.

3

§ 1331 [of prisoner's § 1983 complaint]."), the Court will dismiss his federal claims with prejudice under rule 12(b)(6) for failure to state a claim, *see Mehdipour v. Matthews*, 386 F. App'x at 777 n. 3, *supra*; *see also Curley*, 246 F.3d at 1281, 1284-85 (affirming *sua sponte* dismissal with prejudice under rule 12(b)(6) "of a meritless complaint that cannot be salvaged by amendment").

Plaintiff also asserts that his allegations support claims under New Mexico law. In view of the dismissal of Plaintiff's federal claims, the Court will decline to exercise supplemental jurisdiction, *see* 28 U.S.C. § 1367(a) & (c), of his state law claims. The Court may "decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." § 1367(c), (c)(3). Under § 1367(c), the Court declines to exercise jurisdiction of Plaintiff's state law claims, and these claims will be dismissed without prejudice to his right to assert them in an appropriate forum.

IT IS THEREFORE ORDERED that the initial partial filing fee payment is WAIVED; Plaintiff's federal claims are DISMISSED without prejudice for lack of subject matter jurisdiction; alternatively, Plaintiff's federal claims are DISMISSED with prejudice for failure to state claims for relief under 42 U.S.C. § 1983; his state law claims are DISMISSED without prejudice; pending motions are DENIED as moot; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE